G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030
F: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
HOPE RIOS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| HOPE RIOS;<br><br>    Plaintiff,<br><br>vs.<br><br>DELANORE, KEMPER & ASSOCIATES, LLC; DOES 1 to 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>**Demand Does Not Exceed $10,000** |

## COMPLAINT

### INTRODUCTION

1.     Plaintiff Hope Rios brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Delanore, Kemper & Associates, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. ("RFDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA) and 28 U.S.C. §§1331, 1337 and 1367.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by Plaintiff within this District;

    b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Hope Rios is an adult individual who resides in the County of Tulare in the Eastern District of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3) and is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

5. Defendant Delanore, Kemper & Associates LLC is a company with its headquarters in Atlanta, Georgia.

6. At all relevant times herein, Defendant Delanore, Kemper & Associates LLC was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code § 1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C.§ 1692a(6), and the RFDCPA, Cal Civ Code § 1788.2(c).

## FACTS

7. Defendant is attempting to collect from Plaintiff an alleged debt incurred for personal, family or household purposes and not for business purposes.

8. Within the last year, Defendant constantly and continuously called

Plaintiff with the intent to harass and annoy Plaintiff into paying a debt.

9. Defendant threatened to sue Plaintiff over the telephone.

10. Defendant told Plaintiff that criminal charges would be filed against Plaintiff for check fraud and bad check writing and that Plaintiff would be served with court papers before Christmas day in 2011.

11. Defendant told Plaintiff that Plaintiff would be going to jail if the debt was not paid in full and that Plaintiff would be fired from her employer because of a felony.

12. Defendant called Plaintiff before 8:00 a.m. on numerous occasions.

13. Defendant yelled at Plaintiff over the telephone when attempting to collect a debt.

## COUNT I – FDCPA

14. Plaintiff incorporates paragraphs 1 - 13.

15. Defendant thereby violated the following provisions of the FDCPA:

   i)   15 U.S.C. § 1692 c(a)(1);
   ii)  15 U.S.C. § 1692 d(5);
   iii) 15 U.S.C. § 1692 e(4);
   iv)  15 U.S.C. § 1692 e(5);
   v)   15 U.S.C. § 1692 e(7);
   vi)  15 U.S.C. § 1692 e(10).

16. Section 1692 c(a)(1) states in pertinent part that:

**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt:**

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

17. Sections 1692 d(5) states in pertinent part that:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...
(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18. Sections 1692 e(4), e(5), e(7), and e(10) state in pertinent part that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

...
(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

...
(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

...
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

## COUNT II - RFDCPA

19. Plaintiff incorporates paragraphs 1 - 18.

20. Defendant thereby violated the following provisions of the RFDCPA:

    i) Cal. Civ. Code § 1788.10(e);

    ii) Cal. Civ. Code § 1788.11(d);

    iii) Cal. Civ. Code § 1788.11(e);

    iv) Cal. Civ. Code § 1788.13(j);

    v) Cal. Civ. Code § 1788.17.

21. Section 1788.10(e) states in pertinent part that:

**1788.10. No debt collector shall collect or attempt to collect a consumer debt by means of the following conduct:**

**...**
**(e) The threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law.**

22. Sections 1788.11(d) and (e) state in pertinent part that:

**1788.11. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**

**...**
**(d) Causing a telephone to ring repeatedly or continuously to annoy the person called; or**
**(e) Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.**

23. Section 1788.13(j) states in pertinent part that:

**1788.13. No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:**

…

**(j) The false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made.**

24.    Sections 1788.17 states in pertinent part as follows:

**"1788.17.  Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

(1) Statutory and actual damages;

(2) Attorney's fees, litigation expenses and costs of suit

(3) Such other and further relief as the Court deems proper.

RESPECTFULLY SUBMITTED,

DATED:

December 28, 2011

**PRICE LAW GROUP APC**

By: _____
G. Thomas Martin, III
Attorney for Plaintiff

COMPLAINT

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, HOPE RIOS, demands trial by jury in this action.